IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OS ENTERPRISE, LLC, | No. C -11-04375 SBA (EDL) |
|     Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW** |
| v. | |
| FAIRLINE DEVELOPMENT CANADA (1992) LTD ET AL, | |
|     Defendant. | |

On August 28, 2013, Defendant's counsel filed a motion to withdraw, and on September 5, 2013, filed an amended notice for the motion to withdraw. Docket Nos. 44, 46. On December 16, 2013, Judge Armstrong referred Defendant's counsel's motion to this Court for a Report and Recommendation. The Court held a hearing on Defendant's counsel's motion on February 18, 2014. For the reasons stated at the hearing and in this Report and Recommendation, the Court recommends granting Defendant's counsel's motion to withdraw subject to counsel continuing to accept service on behalf of Defendant Fairline Development Canada (1992) and to notify it of such filings until new counsel may be obtained, at which time the new counsel should appear on the docket and begin to accept service on behalf of Defendant.

According to Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of

the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b). In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. See Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F.Supp. 1383, 1387 (N.D.Cal.1992). Under California Rule of Professional Conduct 3-700(C)(1)(f), an attorney may request permission to withdraw if the client breaches an agreement or obligation to the member as to expenses or fees. The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

Here, Defendant's counsel states that he began representing Defendant on September 22, 2011. Pearson Decl. ¶ 2. The written fee agreement listed Defendant's duties as, among other things, to "cooperate, to keep Attorney informed of any information or developments which may come to Client's attention," and to "assist Attorney in providing information and documents necessary for the representation in the described matter." Id. Defendant stopped communicating with counsel's office in 2012. Pearson Decl. ¶ 3. Despite numerous attempts to contact Defendant, the last written communication from Defendant to counsel was received on March 23, 2012. Id. Counsel recalls that the last telephone communication was prior to that date. Id. Counsel states that he has given Defendant many more opportunities to reconnect with his office, without success. Pearson Decl. ¶ 4.

Counsel has shown good cause to withdraw because Defendant has failed to communicate with counsel for almost two years. Therefore, the Court recommends granting the motion to withdraw. However, because Defendant is a corporation, it cannot represent itself in this Court. Civil L.R. 3-9(b). Therefore, the Court also recommends requiring counsel to continue to accept service for Defendant for the purpose of forwarding documents to Defendant.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the

right to appeal the District Court's order.

Dated: February 18, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge