IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OS ENTERPRISE, LLC, | No. C -11-04375 SBA (EDL) |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S STATEMENT OF DAMAGES TO PROVE UP DEFAULT JUDGMENT** |
| v. | |
| FAIRLINE DEVELOPMENT CANADA (1992) LTD ET AL, | |
| Defendant. | |

On September 6, 2013, District Judge Saundra Brown Armstrong entered default against Defendant and ordered Plaintiff to file a motion to prove damages. Docket No. 47. On November 27, 2013, Plaintiff filed its Statement of Damages to Prove Up Default Judgment. Docket No. 49. On December 16, 2013, Judge Armstrong referred the motion to prove damages to this Court. Docket No. 51.

The Court held a hearing on Plaintiff's motion on March 4, 2014. For the reasons stated in this Report and Recommendation, the Court recommends granting Plaintiff's Motion to Prove Up Damages in the amount of $1,830,228.00.

**Background**

Suzanne Lee owns and operates Plaintiff OS Enterprise. S. Lee Decl. ¶ 2. Ms. Lee and her late husband, were the owner/operators of the well-known retail market, New On Sang Poultry, and have been operating in the Bay Area since 1932. Id. ¶ 2. The business consisted of ultra-fresh poultry markets in two San Francisco locations. Id. The business was the only poultry slaughter establishment licensed for Buddhist-exempt processing in the Bay Area. Id. The stores offered the freshest product available for traditional Buddhist preparation which caters to a substantial portion of the Chinese consuming public. Id.

United States District Court
For the Northern District of California

1    The application for registration of the mark Loong Kong Chicken was filed in March 2004,

2  and was issued to Plaintiff's predecessor on June 12, 2007.  S. Lee. Decl. ¶ 3; Ex. A.  Plaintiff was

3  assigned the entire interest and goodwill of the mark on June 22, 2010.  Id.

4    Since 2002, Plaintiff has engaged in the business of selling chicken products under the mark.

5  S. Lee. Decl. ¶ 4.  Plaintiff and its predecessors spent substantial time and money promoting the

6  brand.  Id.  In January 2002, Ms. Lee launched a marketing campaign to promote and sell Plaintiff's

7  brand of chicken, including heavily advertising in the Sing Tao Daily and on Sing Tao Radio.  Id.

8  During the years 2002 to 2010, Plaintiff averaged spending between $40,000 and $50,000 annually

9  promoting the Loong Kong Chicken brand products.  Id.; Ex. C.  Ms. Lee's stores experienced

10  steady sales of chickens under the Loong Kong Chicken mark out of its two San Francisco locations.

11  Id. ¶ 8.

12    In June 2005, Defendant introduced its chicken products to the Bay Area under the names,

13  Yao Sun Loong Kong Chicken and Canada Yao Sun Loong Kong Chicken.  S. Lee Decl. ¶ 6; Ex. D.

14  Defendant used the words "Canada Yao Sun Loong Kong Chicken" in selling, marketing and

15  advertising its products.  S. Lee Decl. ¶ 7.  Plaintiff requested that Defendant cease and desist use

16  Plaintiff's mark.  Id.  Defendant refused to do so.  Id.  In 2011, Ms. Lee closed both retail shops

17  because of declining sales.  S. Lee Decl. ¶ 10.

18  **Discussion**

19    Judge Armstrong entered default judgment as to liability against Defendant for, among other

20  things, violation of the Lanham Act, for which Plaintiff is entitled to recover actual damages.  See

21  eAdGear, Inc. v. Liu, 2012 WL 2367805, at *18 (N.D. Cal. 2012) ("Section 43(a) of the Lanham Act

22  provides that a trademark owner may recover: (1) defendant's profits, (2) any damages sustained by

23  the plaintiff, and (3) the costs of the action.").  In determining damages, a court can rely on the

24  declarations submitted by the plaintiff or order a full evidentiary hearing.  See Fed. R. Civ. P.

25  55(b)(2).  Plaintiff's burden in "proving up" damages is relatively lenient.  However, if the facts

26  necessary to determine damages are not contained in the complaint, or are legally insufficient, they

27  will not be established by default.  See Cripps v. Life Ins. Co. of N. America, 980 F.2d 1261, 1267

28  (9th Cir.1992).  In addition, "[a] judgment by default shall not be different in kind [or] exceed in

United States District Court
For the Northern District of California

Case 4:11-cv-04375-SBA   Document 58   Filed 03/07/14   Page 3 of 4

United States District Court
For the Northern District of California

1  amount that prayed for in the [complaint]." Fed. R. Civ. P. 54(c).

2      Plaintiff seeks an award of damages equal to the amount of lost profits attributable to

3  Defendant's infringing activity.  Alternatively, Plaintiff seeks an award of reasonable royalties.  To

4  recover damages under the Lanham Act, a plaintiff must prove both the fact and the amount of

5  damages.  See Ringcentral, Inc. v. Quimby, 711 F.Supp.2d 1048, 1062 (N.D.Cal. 2010); Lindy Pen

6  Co. v. Bic Pen Corp., 14 U.S.P.Q.2d 1528, 1531 (C.D.Cal.1989), aff'd, 982 F.2d 1400 (9th

7  Cir.1993).  "As a general rule, damages which result from a tort must be established with reasonable

8  certainty.... '[D]amages are not rendered uncertain because they cannot be calculated with absolute

9  exactness,' yet a reasonable basis for computation must exist."  Id. at 1062–1063; see also Intel

10  Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 621 (9th Cir. 1993) (affirming damages award based on

11  "somewhat crude" calculations based on inferences and extrapolations).  Because Plaintiff has

12  adequately proven its lost profits, as described below, the Court need not address Plaintiff's

13  alternative theory based on a reasonable royalty.

14      Ms. Lee has filed a declaration describing the amount of lost profits.  She reviewed

15  Plaintiff's financial information and records reflecting sales figures.  S. Lee Decl. ¶ 9; Ex. E.  In

16  2003, Plaintiff experienced weekly sales of chicken products under the Loong Kong Chicken name

17  averaging 4,230 birds per week or 219,960 birds per year.  Id. ¶ 9.  At an average retail price of $13

18  per bird, gross profits for Loong Kong Chicken brand products in 2003 totaled $2,859,480.  Id.  The

19  average profit margin at that time was 11.4%, yielding $325,980 yearly net profit on the Loong

20  Kong Chicken brand.  Id.

21      From 2005, when Defendant entered the market, through 2011 when Plaintiff's shops closed,

22  sales of the Loong Kong Chicken brand fell precipitously.  See S. Lee Decl. ¶ 10; Ex. F.  In 2006,

23  Plaintiff sold only 14,131 birds for a gross profit of $183,703, which amounted to a net profit of

24  $20,942.14.  Id.  In that year, Plaintiff experienced a nearly 85% loss in sales from 2003.  Id.

25  Attributing those same numbers over the relevant six year period from 2005-2011 that Plaintiff was

26  in competition with Defendant, the total net lost profits is $1,830,228.  Id.

27      Plaintiff also argues that because Ms. Lee had to close her stores, Plaintiff is entitled to

28  additional damages in lost profits for eight more years for another $2,482,188 in damages.  Mot. at

3

1  4.  Plaintiff, however, provides no authority for these additional damages, which appear speculative

2  and not to constitute any additional lost profits.

3  **Conclusion**

4  Plaintiff has adequately proven its lost profit damages.  Therefore, the Court recommends

5  awarding Plaintiff lost profits in the amount of $1,830,228, which covers the period from 2005 when

6  Defendant entered the market, until 2011 when Plaintiff closed its retail shops.

7  Any party may serve and file specific written objections to this recommendation within

8  fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.

9  P.72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the

10  right to appeal the District Court's order.

11

12  Dated: March 6, 2014

13  ELIZABETH D. LAPORTE
   United States Chief Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4